Hilda Gr. Schwartz, J.
Petitioner, the New York City Board of Ethics, moves pursuant to CPLR 2304, to quash a subpoena duces tecum issued by the respondent, the Temporary State Commission (Scott Commission) to produce the material which was submitted to the Board of Ethics by the Administrator of the Housing and Development Administration. Respondent commission is aware of the submission and the opinion of petitioner because said Administrator made the matter public as part of his response to a statement by a member of the City Council.
The city’s Board of Ethics was created in 1959 to assist city employees in complying with the Code of Ethics (Administrative Code of City of New York, § 1106-1.0). The five members of the board serve without pay, have no right of subpoena, have no independent investigatory personnel, and do not initiate inquiries. Their function is set forth in subdivision b of section 1106-2.0 of the Administrative Code as follows: 1 ‘ The board shall render advisory opinions to officers and employees, with respect to section 1106-1.0 of the administrative code of the city of New York. Such advisory opinions shall be rendered pursuant to written request by the officer or employee concerned. The board shall publish its advisory opinions with such deletions as may be necessary to prevent disclosure of the identity of the officer or employee involved ’ ’.
Clearly petitioner functions as an advisor on the Code of Ethics which may be consulted by city personnel, for their own benefit, if they are in doubt as to a course of conduct. There appears to be no authority permitting petitioner to inform anyone else of its opinion, unless the identity of the person involved is deleted.
Although the material the respondent commission subpoenaed has had publicity, such publicity came from the individual person who consulted the Board of Ethics, and not from the board itself. This is not the case of an investigatory agency learning facts through its own efforts, but a consulting body evaluating only those facts presented to it by the concerned party. These facts must remain the sole property of that concerned party. To violate the privileged status of disclosures made by the employee for his own benefit would vitiate the purpose of the petitioner board, as set forth in the Administrative Code.
Petitioner, the Board of Ethics, may not be compelled to disclose the information transmitted to it voluntarily by a city officer or employee seeking an advisory opinion from such Board of Ethics.
Motion is granted.